UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL SINOPOLI,

Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　　Case No. 8:04-cv-1727-T-17MSS

CENDANT MORTGAGE CORPORATION,

Defendant.
_____/

## ORDER

This cause comes on for consideration upon the filing of Plaintiff's Motion to Compel Better Responses to Plaintiff's Request for Production (Dkt. 40), Plaintiff's Motion to Compel Better Responses to Plaintiff's Interrogatories (Dkt. 41), Defendant's Opposition to Plaintiff's Motion to Compel Better Responses to Plaintiff's Request for Production (Dkt. 43) and Defendant's Opposition to Plaintiff's Motion to Compel Better Responses to Plaintiff's Interrogatories (Dkt. 44).

I.　　Factual Background

On or about October 13, 2002, Plaintiff applied for a mortgage from Defendant on a property he was intending to purchase. (Am. Compl. ¶ 4). Plaintiff alleges that he paid Defendant $250.00 to obtain an appraisal on the property. (Am. Compl. ¶ 5). Plaintiff further alleges that he relied on Defendant to obtain an appraisal of the property to ensure that the property had a value of at least the purchase price. (Am. Compl. ¶ 7). Plaintiff purchased the property and accepted Defendant's mortgage. (Am. Compl. ¶ 7). However, Plaintiff alleges that Defendant never obtained the appraisal and the property was, in fact, worth less than the purchase price at the time of purchase. (Am. Compl. ¶¶ 10, 11). Plaintiff alleges that he has been further damaged in that he continues to have

to pay an excessive amount of real estate property taxes based on the inflated property value. (Am. Compl. ¶ 11). Plaintiff finally alleges that one of Defendant's loan officers illegally recorded a telephone conversation between the loan officer and Plaintiff without Plaintiff's knowledge. (Am. Compl. ¶ 13).

## II. Procedural Background

On July 21, 2004, Plaintiff served a motion to amend his complaint along with an amended complaint against Defendant alleging fraud (Count I), negligent misrepresentation (Count II), unlawful interception and disclosure of wire communications (Count III), invasion of privacy (Count V), conversion (Count VI) and breach of contract (Count VIII). Plaintiff also included class action allegations for unlawful interception of wire communications (Count IV), conversion (Count VII), and breach of contract (Count IX). Defendant removed the case to this Court on July 27, 2004. On October 28, 2004, Plaintiff served Defendant with a Request for Production of Documents and a Set of Interrogatories. On November 29, 2004, Defendant served its initial objections and responses to the Request for Production and the Interrogatories. On December 21, 2004, the District Judge granted Plaintiff's Motion to Amend the Complaint. (Dkt. 28). On December 22, 2004, the Court denied Defendant's Motion to Dismiss the Complaint or, in the alternative, Motion for Summary Judgment. (Dkt. 30). On February 23, 2005, Defendant supplemented its responses to Plaintiff's Request for Production and Interrogatories. This motion followed.

## III. Request for Production of Documents

First, Plaintiff argues that Defendant's seven general objections should be overruled because they are "non-specific" and "meritless." Plaintiff generally states that Defendant has objected based on privileges but has failed to provide any privilege log and that the objections make "broad, over-

generalized assertions that fail to provide Plaintiff or this Court with any guidance as to what Defendant is specifically objecting to." While Defendant's general objections are proper, Defendant's objection regarding its Motion to Stay Discovery is moot in light of the Court Order denying said Motion (Dkt. 35). Defendant's general objection regarding the attorney-client privilege and work product doctrine stand to permit Defendant to assert such privileges if warranted. Defendant is reminded of its obligation to provide a privilege log if any documents have been withheld on that basis. To this end, Defendant must provide a privilege log of any such documents within ten (10) days of the date of this Order.

Plaintiff seeks an order compelling Defendant to provide better responses to Plaintiff's Request for Production numbered one (1), ten (10), and fifteen (15). Fed. R. Civ. P. 26(b)(1) provides that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . ." Fed. R. Civ. P. 26(b)(1) further provides that information is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Plaintiff asks the Court to compel Defendant to comply with Request for Production number one (1). Request for Production number one (1) asks Defendant to provide "[a]ll policies, procedures, guidelines, manuals, or written documentation reflecting when an appraisal is conducted or not conducted." (Dkt. 40). Defendant originally objected to this request on the ground that it is overly broad and beyond the scope of permissible discovery pursuant to Rule 26(b)(1). Defendant later supplemented its response to further state that it "has not located any written documents evidencing this general policy" and would continue to search for such documents. Defendant further stated that its policy is to follow the loan requirements imposed by each individual investor who has

indicated a willingness to purchase the specific loan on the secondary market. Therefore, the decision to require an appraisal is made by the investor on a case-by-case basis. Defendant stated that each individual borrower's loan file would have to be reviewed to determine whether an appraisal was required in that specific case.

Here, Plaintiff argues in his Motion that "how and when Defendant conducts an appraisal is directly relevant to the Plaintiff's claim that he was fraudulently told that an appraisal would and had been done" when, in fact, it had not been performed. Further, Plaintiff argues that if Defendant is going to proceed with a defense that a third party was responsible for deciding whether an appraisal would be conducted, Defendant will "ultimately need to compile this information for their defense." Presumably, Plaintiff refers to the compilation of information regarding whether an appraisal was performed in each individual file. Defendant responds that Plaintiff has not explained how its policies regarding the performance of appraisals are relevant to Plaintiff's claim that Defendant misrepresented that an appraisal would be performed with respect to his loan application. Defendant further argues that even if said policies were relevant, the policy has been explained to Plaintiff; the decision is made by the secondary market investor on a case-by-case basis. There are no documents to produce. Finally, Defendant argues that a compilation of the information from the individual files is not responsive to Plaintiff's original request.

Plaintiff's request for documents regarding when appraisals are conducted is relevant to Plaintiff's claims. Plaintiff has alleged that Defendant represented that it would conduct an appraisal of the property he purchased but never conducted such an appraisal. Discovery of documents reflecting the existence of a policy regarding when an appraisal is conducted is reasonably calculated to lead to the discovery of admissible evidence. Specifically, such discovery would be probative of

4

whether Defendant followed any such policy with respect to Plaintiff. However, while Defendant originally responded that "its search for such documentation is continuing," Defendant now states in its Response to Plaintiff's Motion to Compel that its "only policy in this regard is to follow the instructions of the potential investor with regard to the investor's requirements regarding an appraisal. Therefore, there is nothing more to produce in response to Request No. 1." To the extent that Defendant has located any additional documents responsive to the request for "policies, procedures, guidelines and manuals" regarding when an appraisal is conducted in its "continuing search," the Court orders Defendant to produce said documents to Plaintiff within ten (10) days from the date of this Order.

Plaintiff also suggests that Defendant should have to compile the appraisal data from each individual file in response to Plaintiff's request for "written documentation" regarding "when an appraisal is conducted or not conducted." No such obligation exists under applicable discovery rules. Therefore, Plaintiff's request that Defendant compile documentation regarding the use of appraisals from each individual file in response to Request number one is **DENIED**.

Next, Plaintiff asks the Court to compel Defendant to comply with Request for Production number ten (10). Request for Production number ten (10) asks Defendant to provide "[a]ll mortgage advertising brochures, pamphlets, or other promotional materials, marketed and distributed in Hillsborough, Pinellas, or Pasco counties in Florida, in 2002 and 2003" (Dkt. 40). Defendant originally objected to this request on the basis that it was overly broad and beyond the scope of permissible discovery. Defendant supplemented its response to specify that Plaintiff had not alleged that he relied on or ever viewed any mortgage advertising brochures, pamphlets or other promotional materials distributed by Defendant and, thus, the request seeks irrelevant materials.

5

Plaintiff argues that in response to Defendant's Motion for Summary Judgment, he stated that he relied on Defendant's statement in their "Frequently Asked Questions Brochure," that "we take care of the appraisal because we have a network or [sic] approved appraisers that know your local market." Plaintiff argues that other forms of advertising which might assert the same thing are directly relevant to Defendant's conduct in this case. Defendant argues that while Plaintiff alleges to have relied on the "Frequently Asked Questions Brochure," other forms of advertising that Plaintiff did not rely on cannot be relevant to Plaintiff's claims against Defendant.

In support, Defendant points to Chudasama v. Mazda Motor Corporation, 123 F.3d 1353 (11th Cir. 1997). In Chudasama, the court ruled that the district court abused its discretion when it refused to rule on the defendant's motion to dismiss the plaintiff's fraud claim that was "novel and of questionable validity" before issuing an order compelling the defendant to produce documents in response to broad discovery requests, including documents relating to media advertisements and promotional information. Id. at 1358, 1368-69. Chudasama, however, does not directly address the relevance of advertising material that has not specifically been relied upon by a plaintiff. The Court finds that Plaintiff's request for advertising materials is relevant to Plaintiff's claims and reasonably calculated to lead to the discovery of admissible evidence to the extent that such advertising materials address directly or indirectly Defendant's assurances or statements that it would secure appraisals in conjunction with mortgages it entered. Accordingly, Plaintiff's request that the Court compel Defendant to further respond to Request for Production number ten is **GRANTED IN PART**. Defendant shall provide Plaintiff with an exemplar of any advertising brochure, pamphlet or other promotional material marketed and distributed in Hillsborough, Pinellas or Pasco counties in 2002 or 2003 that addresses directly or indirectly Defendant's assurances or statements that it

would secure appraisals in conjunction with mortgages it entered within ten (10) days from the date of this Order.

Finally, Plaintiff asks the Court to compel Defendant to comply with Request for Production number fifteen (15). Request for Production number fifteen (15) asks Defendant to provide "[a]ll applications of all mortgage applicants of Defendant in Pinellas, Hillsborough, and Pasco counties, Florida in the years of 2002 and 2003 who eventually obtained financing from Defendant, in which appraisals of the mortgaged property were not obtained." (Dkt. 40). Defendant objected to this request on the basis that the request is unduly burdensome and not calculated to lead to the discovery of relevant information. Again, Defendant stated that it would have to conduct a manual file-by-file review of all mortgage applicants in the three named counties. Defendant argued that the request is overly broad in that it encompasses transactions such as refinancings, which are not relevant to Plaintiff's purchase transaction. Finally, Defendant argued that the request seeks information that is personal and confidential.

Plaintiff states that he seeks this information in order to "identify other cases of fraud and potential witnesses in this action." Plaintiff argues that this request is relevant because it shows Defendant's intent with regard to their treatment of Plaintiff and cites to Knopfel v. Tech Data Corp., 225 F.R.D. 263 (M.D. Fla. 2004). Knopfel involved a request for documents concerning the pay of other female instructors in an unequal pay case. Id. at 264. This Court found that the requested documents could be relevant to the plaintiff's required showing that any proffered reason by the defendant for disparity in pay was merely pretextual. Id. at 265. Here, with respect to the lack of performance of an appraisal, Plaintiff has asserted claims for fraud and negligent misrepresentation (as well as conversion and breach of contract). A claim of fraud requires (1) a false statement

concerning a material fact; (2) knowledge by the maker that the representation is false; (3) an intention that the representation induces reliance; and (4) injury resulting from actual reliance on the representation. Cohen v. Kravit Estate Buyers, Inc., 843 So. 2d 989, 991 (Fla. 4th DCA 2003). The elements for negligent misrepresentation are the same except that negligent misrepresentation does not require the element of knowledge but, instead, requires only that the maker reasonably should have known of the statement's falsity. Rogers v. Cisco Systems, Inc., 268 F. Supp. 2d 1305, 1312 (N.D. Fla. 2003). The Court finds that whether Defendant made similar representations regarding the performance of an appraisal to other mortgage applicants is not relevant to Plaintiff's required showing that Defendant intended that Plaintiff rely on its representation that an appraisal would be performed in accepting his mortgage. In this sense, Plaintiff's required showing of intention is different from the required showing of pretext in the Knopfel case.

Plaintiff further asserts that the request is seeking to identify potential class action members, "and if such members are identified, Plaintiff will seek leave from this Court to file a class action." (Dkt. 40). Plaintiff has included class representation allegations in his amended complaint and alleges numerosity, commonality, typicality and fair representation. Defendant has filed a Motion to Strike these class allegations on the basis that Plaintiff has failed to meet the deadlines established by Local Rule 4.04. (Dkt. 42). Local Rule 4.04 requires that a plaintiff move for a determination as to whether his case is to be maintained as a class action within ninety (90) days of the filing the initial complaint. Plaintiff has not filed such a motion in the present case. Further, Plaintiff filed the present motions to compel subsequent to the expiration of the ninety days, even if the Court were to toll the ninety-day period, as plaintiff suggests, until the date the Court granted Plaintiff's motion to amend the complaint, December 21, 2004. Plaintiff had Defendant's objections to this specific

request since November 29, 2004. Accordingly, Plaintiff's request for discovery under Request number fifteen on the basis that he is seeking to identify potential class members is **DENIED WITHOUT PREJUDICE**. Should the District Judge permit Plaintiff's class allegations to stand, Plaintiff may resubmit his request so that the Court can consider Defendant's objections based on privacy and confidentiality.

## IV.     Interrogatories

With respect to interrogatories, Plaintiff first argues that Defendant's seven general objections should be overruled because they are "non-specific" and "meritless." Plaintiff generally states that Defendant has objected based on privileges but failed to provide any privilege log or describe the privileged documents. Plaintiff states that Defendant's objections make "broad, over-generalized assertions that fail to provide Plaintiff or this Court with any guidance as to what Defendant is specifically objecting to." While Defendant's general objections are proper, Defendant's objection regarding its Motion to Stay Discovery is moot in light of the Court Order denying said Motion (Dkt. 35).

Next, Plaintiff seeks an order compelling Defendant to provide better responses to Plaintiff's Interrogatories numbered one (1), two (2), and three (3). Interrogatory number one (1) asks Defendant to provide "the names, and addresses of all persons who [sic] the Defendant provided mortgage financing to in 2002 and 2003 in Hillsborough, Pinellas, and Pasco counties Florida where no appraisals were obtained prior to closing." (Dkt. 41). Like Defendant's objections to Request to Produce number fifteen (15), Defendant objected to this request on the basis that the request is unduly burdensome and not calculated to lead to the discovery of relevant information. Again, Defendant stated that it would have to conduct a manual file-by-file review of all mortgage

applicants in the three named counties. Defendant argued that the request is overly broad in that it encompasses transactions such as refinancings. Finally, Defendant argued that the request seeks information that is personal and confidential.

Plaintiff and Defendant both assert the same arguments as they assert with respect to Request for Production number fifteen (15), discussed above. Likewise, the Court finds that the request is not relevant to Plaintiff's individual claim with respect to Defendant's alleged failure to conduct an appraisal and is not calculated to lead to the discovery of admissible evidence. Further, the Court will not address Plaintiff's request for said discovery on the basis that he is seeking to identify potential class members until the District Judge has ruled on Defendant's Motion to Strike the Class Allegations. Accordingly, the request is **DENIED WITHOUT PREJUDICE.** Should the District Judge permit Plaintiff's class allegations to stand, Plaintiff may resubmit his request so that the Court can consider Defendant's objections based on privacy and confidentiality.

Plaintiff next asks the Court to compel Defendant to respond to Interrogatory number two (2). Interrogatory number two (2) asks Defendant to provide "the names and addresses of all persons who worked on Michael Sinopoli's purchase and financing of 606 South Betty Lane, Unit 1, Clearwater, FL 33756, including but not limited to all mortgage brokers, loan officers, loan processors underwriters, appraisers, managers, support staff, closing agents, etc." (Dkt. 41). Defendant, in its supplemental objections and responses, responded that it was "producing herewith a copy of the complete loan file for plaintiff's loan transaction as well as the contact notes, Bates Numbers 0194-0197. These documents identify the Cendant Mortgage loan consultants and processors who worked on Michael Sinopoli's purchase and financing of 606 South Betty Lane, Unit 1, Clearwater, FL 33756."

Plaintiff argues that although Defendant did provide Plaintiff with the complete loan file for Plaintiff's loan transaction as well as the contact notes, Bates Numbers 0194-0197, the response was incomplete because only partial names or initials and no addresses were provided. Plaintiff further argues that this request is relevant because the individuals involved with Plaintiff's file are potential witnesses with respect to Plaintiff's cause of action. Defendant states that it sent a letter to Plaintiff's counsel on April 13, 2005, informing Plaintiff that only two of Defendant's employees performed substantive work on Plaintiff's file with respect to the origination of the loan and the appraisal issue. Defendant notified Plaintiff that the other identified employees handled unrelated issues. Defendant states that it nevertheless offered to provide Plaintiff with the full names and contact information for whichever other former employees Plaintiff designated. Defendant states, however, that Plaintiff requested the names and addresses of everyone listed in the contact notes and, thus, Defendant objected. Defendant argues that Plaintiff's request for the name and address of every employee listed on the contact list and history notes is irrelevant, as some employees on the list handled unrelated issues, and that the request is burdensome.

In response to Defendant's letter, Plaintiff requested the full names and addresses for nineteen individuals. (See Dkt. 44, Ex. 2). Although Defendant argues that some of these individuals performed unrelated tasks with respect to Plaintiff's file, Defendant nevertheless indicated in its original response to Plaintiff's interrogatory that the complete loan file as well as the contact notes, Bates Numbers 0194-0197, identified the Cendant Mortgage loan consultants and processors who "worked on Michael Sinopoli's purchase and financing." Therefore, the Court finds that the discovery of this information is relevant to Plaintiff's claims and reasonably calculated to lead to the discovery of admissible evidence. Further, the Court finds that the production of the

complete names of all listed current employees and the complete names and addresses of all former employees who worked on Plaintiff's file, for a total of nineteen individuals, is not unduly burdensome. Therefore, Defendant shall provide Plaintiff with the complete names and addresses of all former employees and the complete names of all current employees listed in Exhibit 2, attached to its Opposition to Plaintiff's Motion to Compel within ten (10) days from the date of this Order.

Finally, Plaintiff asks the Court to compel Defendant to respond to Interrogatory number three (3). Interrogatory number three (3) asks Defendant to provide "the names and addresses of all persons involved with the creation, marketing, or distribution of all advertising brochures, pamphlets, etc. marketed and distributed in Hillsborough, Pinellas, or Pasco counties in Florida, in 2002 or 2003." (Dkt. 41). Defendant objected on the basis that the request is overly broad, unduly burdensome, vague and beyond the scope of permissible discovery.

Plaintiff argues that this information is relevant because Defendant provided Plaintiff with a "Frequently Asked Questions Brochure" that represented that Defendant "took care of" appraisals. Plaintiff argues that the identities of the employees who were involved with the creation and marketing of this and similar brochures are relevant to Plaintiff's claims. Defendant asserts that the names and addresses of employees involved with the creation, marketing or distribution of advertising materials that Plaintiff did not rely upon is irrelevant. Defendant argues that Plaintiff did not explain why this information is relevant.

As the Court found, above, marketing materials are relevant to Plaintiff's claims and reasonably calculated to lead to the discovery of admissible evidence to the extent that such materials address directly or indirectly the issue of appraisals. Further, the identities of employees involved in the creation, marketing or distribution of marketing materials that address appraisals are

12

similarly relevant. These employees may provide insight into the reason Defendant included the statement, "we take care of the appraisal because we have a network of approved appraisers that know your local market and meet our quality standards," while Defendant's stated policy regarding when to conduct appraisals is to follow the recommendation of the secondary market investor. Accordingly, Defendant shall supplement its response to Interrogatory number three (3) within ten (10) days of the date of this Order by providing Plaintiff with the names of current employees as well as the names and addresses of all other persons involved with the creation, marketing or distribution of the "Frequently Asked Questions Brochure" or any materials produced in response to Request to Produce number ten (10) as directed above.

In Conclusion, Plaintiff's Motion to Compel Better Responses to Plaintiff's Request for Production (Dkt. 40) and Plaintiff's Motion to Compel Better Responses to Plaintiff's Interrogatories (Dkt. 41) are **GRANTED IN PART AND DENIED IN PART** as follows:

(1) With respect to Request to Produce number one (1), to the extent that Defendant has located any additional documents responsive to the request for "policies, procedures, guidelines and manuals" regarding when an appraisal is conducted in its "continuing search," Plaintiff's request is **GRANTED**. Defendant shall produce said documents to Plaintiff within ten (10) days from the date of this Order. Plaintiff's request that Defendant compile documentation regarding the use of appraisals from each individual file in response to Request number one is **DENIED**;

(2) With respect to Request to Produce number ten (10), Plaintiff's request is **GRANTED IN PART**. Defendant shall provide Plaintiff with an exemplar of any advertising brochure, pamphlet or other promotional material marketed and

distributed in Hillsborough, Pinellas or Pasco counties in 2002 or 2003 that addresses directly or indirectly Defendant's assurances or statements that it would secure appraisals in conjunction with mortgages it entered within ten (10) days from the date of this Order.

(3) Plaintiff's request for discovery under Request to Produce number fifteen (15) on the basis that he is seeking to identify potential class members is **DENIED WITHOUT PREJUDICE**;

(4) Plaintiff's request for further responses to Interrogatory number one (1) is **DENIED WITHOUT PREJUDICE**;

(5) With respect to Interrogatory number two (2), Defendant shall provide Plaintiff with the complete names and addresses of all former employees and the complete names of all current employees listed in Exhibit 2, attached to its Opposition to Plaintiff's Motion to Compel within ten (10) days from the date of this Order;

(6) With respect to Interrogatory number three (3), Defendant shall supplement its response within ten (10) days of the date of this Order by providing Plaintiff with the names of current employees as well as the names and addresses of all other persons involved with the creation, marketing or distribution of the "Frequently Asked Questions Brochure" or any materials produced in response to Request to Produce number ten (10) as directed above.

**DONE AND ORDERED** in Tampa, Florida on this 14th day of November 2005.

MARY S. SCRIVEN
United States Magistrate Judge

Copies to:
Counsel of Record

15